IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| REBECCA M. BARTLETT, | * |
| | * |
| v. | *   Civ. No. 24-01174-SAG |
| | * |
| STEPHAN BRDLIK, | * |
| | * |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

    Petitioner Rebecca M. Bartlett has filed a "Hague Convention Article 15 Petition for Immediate Decision and Determination of Wrongful Retention of Minor Child," ECF 1. In her petition, Bartlett asks this Court "to expeditiously decide and determine, in accordance with" the provisions of the Convention on the Civil Aspects of International Child Abduction, done at the Hague on October 25, 1980 ("Hague Convention"), "whether the retention of the parties' minor son, L.B., by Respondent, STEPHAN BRDLIK, on July 1, 2024, [sic] without Petitioner's consent in Nuremberg, in the Federal Republic of Germany, from the child's habitual residence in Frederick County, Maryland . . . was wrongful within the meaning of Article 3 of the Hague Convention." ECF 1 at 1. Bartlett also filed a motion to expedite proceedings. ECF 3. Although this Court issued a summons on April 24, 2024, ECF 8, the docket does not reflect that the Respondent, Stephan Brdlik ("Brdlik" or "Respondent") has been served to date with process.

    As another judge of this Court, United States District Judge J. Frederick Motz, stated when faced with a similar issue, "This court finds itself in a somewhat awkward position." *Hynes v. Berger,* Civ. No. JFM-12-3000, 2012 WL 4889854 (D. Md. Oct. 12, 2012). Judge Motz noted that time was of the essence because in his case, like in the instant case, a court in the Federal Republic of Germany was entertaining a proceeding to consider custody of the minor child. And in Judge Motz's case, like in this one, the respondent resided in the Federal Republic of Germany, had not

yet been served, and the time generally allotted to respond to the petition would not permit a determination prior to disposition of the matter by the German courts. Judge Motz therefore agreed to address the merits of the issue on an expedited basis, while recognizing that the Respondent had so far "been denied the benefit of the adversary system that lies at the heart of the system of justice in the United States." *Id.* at *1.  Accordingly, Judge Motz specified that his factual findings were premised solely on the documents filed by the petitioner and allowed the respondent 45 days from the service of process to move to rescind the order. *Id.* at *1.

In light of the need for an expeditious ruling in this matter, and the lack of clear procedural guidance from any authority as to the proper way to handle these complex issues, this Court will adopt the same process used by Judge Motz. From the information available to this Court from Petitioner's Complaint and its attachments, it appears that Respondent's retention of L.B. in the Federal Republic of Germany, away from the child's habitual residence in Frederick, Maryland, in the United States of America, was wrongful within the meaning of Article 3 of the Hague Convention. This Court rests that determination on the following facts:

1. The parties to this proceeding were briefly married, but separated in 2016 and divorced in 2017 in Thailand.
2. The child has resided with Petitioner between his birth in 2014 and January, 2023. Since 2019, Petitioner and the child have resided continuously in Maryland.
3. On June 10, 2020, the Circuit Court for Frederick County, Maryland, entered a Consent Custody Order ordering, "that the Minor Child shall primarily reside with the Mother [Petitioner], and that the Father [Respondent] shall have access as outlined in the [Points of] Agreement."  In the Points of

Agreement, Respondent agreed that "the minor child shall reside primarily with the Mother," with provisions for Petitioner to have two-week access in Germany in the summer and seven-day access in even years during winter break. ECF 1-2, ECF 1-4.

4. On January 6, 2023, the parties entered a signed, written agreement titled, "Contract for Temporary New Schedule for [L.B.]," which read in relevant part:

> Starting January 6, 2023, L.B. will come to stay with his birth father, Stephan Brdlik in Nuremberg, Germany temporarily. This stay is on a month to month evaluation basis and will exceed no longer than July 1, 2023 . .. If [Petitioner] feels it is in the better interest for [L.B.] to return to his primary residence in Frederick MD, USA there will be flight arrangements made with in [sic] a 3 week period.

ECF 1-5.

5. Respondent has retained L.B. in Nuremberg, Germany since July 1, 2023, without the consent of Petitioner.

6. Maryland Family Law Article 5-105 provides, inter alia, "A child custody determination made by a court of this State that had jurisdiction under this title binds all persons . . . who have submitted to the jurisdiction of the court, and who have been given an opportunity to be heard."

This Court concludes, therefore, that based on the information contained in and attached to the Complaint, Respondent's retention of L.B. in Nuremberg, Germany violates the June 10, 2020 Consent Custody Order of the Circuit Court for Frederick County, Maryland and the parties' January 6, 2023 written agreement. This Court finds that 1) based on his pattern of residence and the provision of the parties' January 6, 2023 agreement referring to his "primary residence in Frederick, MD, USA," L.B. was habitually resident in the United States at the time Respondent

3

removed him to the Federal Republic of Germany, 2) Respondent's retention of L.B. in the Federal Republic of Germany outside the scope of the court order and the parties' written temporary agreement is in breach of Petitioner's custody rights under Maryland law; and 3) Petitioner had been exercising her custody rights at the time of the wrongful retention, agreeing only to a temporary new schedule under specified written terms.

For these reasons, Petitioner's Motion to Expedite Proceedings, ECF 3, is GRANTED and this Court is entering an order finding that Respondent's retention of L.B. in the Federal Republic of Germany from his habitual residence in Frederick County, Maryland, in the United States of America, was wrongful. Respondent may move to rescind the order within 45 days of the service of process upon him.


Dated: June 5, 2024                             /s/
                                        Stephanie A. Gallagher
                                        United States District Judge